UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-218 |
| DENZEL LEE | SECTION M |

## ORDER & REASONS

Before the Court is a motion by defendant Denzel Lee for compassionate release,[1] to which the government responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion, finding that it lacks jurisdiction to consider the motion due to Lee's failure to exhaust the administrative remedies available to him.

**I.  BACKGROUND**

On October 25, 2018, a federal grand jury returned an indictment in this case charging Lee with, among other offenses, possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[3] On October 31, 2018, the government filed a writ of habeas corpus *ad prosequendum* for Lee because he was in state custody at the time.[4] The magistrate judge granted the writ and Lee stipulated to detention.[5] On May 2, 2019, Lee pleaded guilty pursuant to a plea agreement to Count 4 (possession of a firearm after a felony conviction).[6] On August 8, 2019, Lee was sentenced to 71 months in the custody of the Bureau of Prisons ("BOP") to be served concurrently with any undischarged state sentence.[7]

---

[1] R. Doc. 88.
[2] R. Doc. 90.
[3] R. Doc. 15.
[4] R. Doc. 21.
[5] R. Docs. 22; 23; 28.
[6] R. Doc. 53.
[7] R. Doc. 75.

On August 10, 2020, Lee filed a motion to amend his sentence, arguing that the BOP was not giving him credit for the time he served in federal custody prior to his sentencing.[8] He asked that his sentence be reduced to 60 months to account for the ten months and two days he claimed he served prior to sentencing.[9] The Court denied the motion, finding that it lacked jurisdiction because Lee was incarcerated at the Federal Correction Center in Yazoo City, Mississippi, making the Southern District of Mississippi the proper filing district for such a motion.[10]

Lee is still incarcerated at Yazoo City, and his projected release date is July 29, 2024.[11] Lee, proceeding *pro se*, now moves the Court for compassionate release, arguing that the BOP's failure to give him credit for the ten months and two days that he was in state custody constitutes "extraordinary and compelling" reasons to grant relief.[12] In opposition, the Government argues that this Court lacks jurisdiction to consider Lee's motion because he has not proved that he has exhausted his administrative remedies within the BOP.[13] The Government further argues that Lee's motion fails on the merits because he has not shown any extraordinary circumstances as required by the applicable law, and the BOP has correctly computed Lee's sentence.[14]

II.     **LAW & ANALYSIS**

"Compassionate release is one of a few exceptions to the general rule that 'courts may not modify a term of imprisonment once it has been imposed.'" *Ward v. United States*, 11 F.4th 354, 359 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)) (alteration omitted). Since the passage of the First Step Act, either the director of the BOP or a prisoner may file a compassionate-release motion; however, the prisoner must exhaust all administrative remedies prior to filing such a

---

[8] R. Doc. 82.
[9] *Id.*
[10] R. Doc. 86.
[11] R. Doc. 90 at 3.
[12] R. Doc. 88 at 8-13.
[13] R. Doc. 90 at 6-8.
[14] *Id.* at 8-12.

motion with the court. *Id.* (citing First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018)). "The pre-filing administrative exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule." *United States v. Powell*, 834 F. App'x 940, 941 (5th Cir. 2021) (citing *United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir. 2020); *United States v. Taylor*, 855 F. App'x 975, 975 (5th Cir. 2021).[15]

There are two ways for a prisoner to exhaust administrative remedies. *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021). "Both begin with 'requesting that the BOP bring a motion on the defendant's behalf.'" *Id.* (quoting *Franco*, 973 F.3d at 467) (alteration omitted). Once the request to the BOP is filed, a prisoner may bring his motion in the district court after either (1) he has "exhausted all administrative rights to appeal," 18 U.S.C. § 3582(c)(1)(A), which occurs after the prisoner receives an adverse response from the BOP and seeks further administrative review; or (2) "30 days from the receipt of such a request by the warden of the defendant's facility" have elapsed, *id.*, which occurs regardless of whether the BOP has ruled on the request. *Garrett*, 15 F.4th at 338. The first of either of these events to occur triggers the prisoner's right to file his motion in the district court. *Id.*

A prisoner must demonstrate that he has exhausted his administrative remedies. *United States v. Castro*, 2020 WL 3076667, at *2 (E.D. La. June 10, 2020), *reconsideration denied*, 2020 WL 5209305 (E.D. La. Sept. 1, 2020). Once exhaustion has been demonstrated, a prisoner is eligible for a sentence reduction if the district court finds that (1) one of the two conditions imposed in § 3582(c)(1)(A)(i)-(ii) is met (*i.e.*, either "extraordinary and compelling reasons warrant such a

---

[15] *See also United States v. Youngblood*, 2021 WL 5237280, at *1 (5th Cir. Nov. 10, 2021) (explaining that a district court necessarily has jurisdiction to consider 18 U.S.C. § 3582 motions because (1) § 3582 motions are similar to postconviction motions filed under 28 U.S.C. § 2255 in that they are filed in the same docket as the prisoner's criminal judgment; and (2) despite Congress' enumerated limitations on a court's ability to modify a sentence, "not all legal limits are jurisdictional ones") (quoting *United States v. Shkambi*, 993 F.3d 388, 389-90 (5th Cir. 2021)).

reduction" or "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)"); and (2) "'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Ward*, 11 F.4th at 359-60 (quoting § 3582(c)(1)(A)); *see United States v. Murray*, 2020 WL 4000858, at *2 (E.D. La. July 15, 2020) (explaining that the defendant bears the burden of demonstrating that (1) he has exhausted administrative remedies; (2) extraordinary and compelling reasons warranting release exist; and (3) he does not pose a danger to the safety of any other person or society) (citing *United States v. Davis*, 2020 WL 2838588, at *2 (E.D. La. June 1, 2020)). If a court makes the two findings required by § 3582(c)(1)(A), "then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable.'" *Ward*, 11 F.4th at 360 (citing § 3582(c)(1)(A)) (alteration in original); *see also Shkambi*, 993 F.3d at 392 (noting that a prisoner "still must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors").

Here, Lee has not shown that he has exhausted the administrative remedies available to him. *See Castro*, 2020 WL 3076667, at *2; *Murray*, 2020 WL 4000858, at *2 (stating that defendant bears the burden of proving exhaustion of administrative remedies). Lee attached to his motion a document entitled "inmate request to staff" that is dated November 1, 2022, addressed to the warden, and requests compassionate release.[16] However, Lee does not attach any proof that the warden actually received the document. Indeed, the government contacted the BOP and

---

[16] R. Doc. 88-2.

discovered that the warden has not received from Lee a request for compassionate release.[17] Absent proof of a request received by the warden, the Court cannot conclude that Lee has exhausted his administrative remedies or determine if he is entitled to compassionate release. Lee's failure to meet the pre-filing administrative exhaustion requirement proves fatal to his motion.[18] *Powell*, 834 F. App'x at 941. Therefore, it must be denied.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Lee's motion for compassionate release (R. Doc. 88) is DENIED.

New Orleans, Louisiana, this 15th day of February, 2023.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[17] R. Doc. 90 at 7 (citing R. Doc. 90-1).
[18] Regardless, for the reasons listed by the government, *id.* at 8-13, Lee does not demonstrate extraordinary and compelling reasons as would support compassionate release.